IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS LEE ROE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-721-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Nicholas Lee Roe, Reg. No. 35307-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

## C. Procedural History

Petitioner is serving a 120-month term of imprisonment on his conviction for convicted felon in possession of firearms in the United States District Court for the Northern District of Texas, Abilene Division. (Resp't App. at 11-13) By way of this petition, petitioner seeks prior custody credit under 18 U.S.C. § 3585(b) towards his federal sentence for time spent in state custody on his state sentences. Respondent claims petitioner has exhausted his administrative remedies. (Resp't Resp. at 4)

To establish the factual background of the case, the government provided the declaration of Robert Jennings, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing, in relevant part:

> 4. On November 4, 2013, I reviewed the sentence computation for the Petitioner, Nicholas Lee Roe, Federal Register Number 35307-177. The review revealed that Petitioner is not entitled to an award of prior custody credit toward his federal sentence, and his sentence has been computed in accordance with the Federal Judgment and Commitment Order.
>
> 5. Petitioner avers the BOP is not running his federal sentence concurrently with his Texas state terms as ordered by the Federal Judgment and Commitment Order, resulting in the denial of 24 months of prior custody credit.
>
> 6. On March 16, 2007, Petitioner was arrested by the Callahan County, Texas Sherriff's [sic] Office for Possession of a Controlled Substance with Intent to Deliver, Case No. 6596, and Unlawful Possession of a Firearm by a Felon, Case No. 6597. On March 26, 2007, he was transferred to Taylor County, Texas to answer for the following charges: Burglary of a Building, Case No. 22692-A; Possession of Methamphetamine, Case No. 22976-A; Assault, Case No. 41307; and two charges of Driving with a Suspended License, Case Numbers 41508 and 43051.
>
> 7. On May 16, 2007, he was returned to Callahan County, Texas and on May 17, 2007, released on bond.

8. On July 23, 2007, Petitioner was arrested by the Taylor County, Texas Sheriff's Office and charged with Aggravated Robbery, resulting in Case No. 23138-A.

9. On August 20, 2007, the United States Marshals Service ("USMS") for the Southern District of Texas borrowed Petitioner pursuant to a Writ of Habeas Corpus Ad Prosequendum and transported him to the United States District Court for the Northern District of Texas for his initial appearance in his federal case, *United States of America v. Nicholas Lee Roe*, Case No. 1:07-cr-049-01-C.

10. On February 1, 2008, Petitioner was sentenced to a 120 month federal term of imprisonment after pleading guilty to a violation of 18 U.S.C. § 922(g)(1), Convicted Felon in Possession of Firearms. The sentence was ordered to run consecutive with any state term imposed in Case Numbers 41307, 41508, and 43051 pending in Taylor County, Texas County Court and Case Numbers 22692-A, 23072-A, and 23138-A pending in the 42nd District Court of Taylor County, Texas. Additionally, the federal sentence was ordered to run concurrently to Case Numbers 6596 and 6597 pending in the 42nd District Court of Callahan County, Texas and Case No. 22976-A pending in the 42nd District Court in Taylor County Texas.

11. On February 7, 2008, Petitioner was returned to Taylor County, Texas custody.

12. On April 25, 2008, Petitioner was sentenced to a 2 year state term in Case No. 22976-A by the 42nd District Court in Taylor County, Texas, for Possession of Methamphetamine. The 2 year term was ordered to run consecutive to the 2 year term imposed that very day by the court in Case No. 22692-A for Burglary of Building. ***Petitioner received 398 days of prior custody credit for June 30, 2006, January 16, 2007, and from March 26, 2007, through April 24, 2008.***

13. On April 29, 2008, Case No. 23072-A was dismissed as part of the plea bargain reached in Case Numbers 22976-A and 22692-A. Thereafter, on May 5, 2008, charges for Aggravated Robbery in Case No. 23138-A were dismissed pursuant to the plea bargain. Additionally, on May 15, 2008, Case No. 6597, Unlawful Possession of Firearm by Felon, as dismissed pursuant to the plea. Lastly, on May 19, 2008, the charges in Case Numbers 41307, 41508, and 43051 were dismissed.

14. On May 15, 2008, Petitioner pleaded guilty in Case No. 6596 to Possession of a Controlled Substance with Intent to Deliver and was sentenced by the

3

>    42nd District Court of Callahan County, Texas to a 10 year term of imprisonment. ***He received 385 days of prior custody credit, to include credit from March 16, 2007, the date of his original arrest, to March 25, 2007.*** The court ordered the sentence to run concurrently with any other sentence unless otherwise specified. The February 1, 2008, Federal Judgment and Commitment Order directed that Petitioner's federal term run concurrently with any state term imposed in Case No. 6596. Likewise, the 2 year state term imposed in Case No. 22976-A, to which the federal term was ordered to run concurrent with, was absorbed into Case No. 6596, 10 year state term. On May 29, 2008, he was transferred to the custody of the Texas Department of Criminal Justice ("TDCJ").
>
> 15. On March 23, 2009, Petitioner completed service of his 2 year state term imposed in Case No. 22692-A, but remained in TDCJ custody in service of his 10 year state term. The February 1, 2008, Federal Judgment and Commitment Order directed that his 120 month federal term run consecutive to the state term imposed in Case No. 22692-A.
>
> 16. On September 19, 2011, Petitioner was paroled in Case No. 6596 and turned over by TDCJ to the USMS to serve the remainder of his federal term.
>
> 17. On January 5, 2012, to comply with 18 U.S.C. § 3585(a) and the Judgment and Commitment Order, ***Petitioner was granted a nunc pro tunc, retroactive designation, designating TDCJ as the facility for partial service of his federal sentence. This resulted in commencement of his federal sentence on March 23, 2009, the date he completed service of the consecutive 2 year state term in Case No. 22692-A, after which Texas maintained primary jurisdiction and physical custody over Petitioner, rather than on September 19, 2011, the date he was paroled from his 10 year state term imposed in Case No. 6596 and was received into exclusive federal custody.***
>
> 18. ***All potential prior custody credit has been credited toward and accounted for against his Texas state terms.*** Additionally, Petitioner does not qualify for *Willis* or *Kayfez* credit.
>
> 19. Petitioner's federal sentence commenced on March 23, 2009, and he has been awarded no prior custody credit. His projected Good Conduct Time release date is December 7, 2017.
>
>    . . .

(Resp't App. at 1-5) (emphasis added) (footnote omitted)

## D. Discussion

Petitioner claims that because his federal sentence was ordered to run concurrently with his 10-year state sentence in Case No. 6596 and his 2-year state sentence in Case No. 22976-A, all three sentences should have run concurrently. As such, he asserts his federal sentence should have commenced on March 25, 2007, the same date his 2-year sentence in Case No. 22976-A began, instead of March 23, 2009, the date he completed the consecutive 2-year sentence in Case No. 22692-A. (Pet'r Reply at 3-5) Hence, he seeks additional credit for time spent in state custody from March 25, 2007, through March 22, 2009, toward his federal sentence.

When assessing federal sentence calculations, there are two related yet distinct issues: (1) when service of the sentence commenced, and (2) the extent to which the defendant should be awarded credit for time spent in custody prior to commencing his sentence. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> _that has not been credited against another sentence._

18 U.S.C. § 3585 (emphasis added).

The Attorney General, through the BOP, determines what credit, if any, is given to prisoners for time spent in custody prior to the commencement of their federal sentences. *United States v. Wilson,* 503 U.S. 329, 331-32 (1992). Where a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence. *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010).

Petitioner was granted a nunc pro tunc designation and his federal sentence was recalculated, commencing on March 23, 2009, instead of September 19, 2011, the date he was paroled from his 10-year state sentence in Case No. 6596 and turned over to the exclusive custody of the USMS. The statute clearly authorizes credit only for time that has not been credited toward another sentence. *Wilson,* 503 U.S. at 334. Petitioner received credit toward his state sentences during the relevant time period. Therefore, that time may not be credited toward his federal sentence. *United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir. 1983).

## II. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific

written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February __14__, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February __14__, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January __24__, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE